UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BAC HOME LOANS SERVICING, L.P.,

     Plaintiff,

v.                                                                                              Case No: 8:15-cv-93-T-36TBM

NEIL E. HASELFELD, UNKNOWN
SPOUSE OF NEIL E. HASELFELD IF
ANY, ANY AND ALL UNKNOWN
PARTIES CLAIMING BY, THROUGH,
UNDER, AND AGAINST THE HEREIN
NAMED INDIVIDUAL DEFENDANT(S)
WHO ARE NOT KNOWN TO BE DEAD
OR ALIVE, WHETHER SAID
UNKNOWN PARTIES MAY CLAIM AN
INTEREST, WELLS FARGO BANK, N.A.,
JOHN DOE and JANE DOE,

     Defendants.

_____/

## **O R D E R**

This matter comes before the Court upon the Plaintiff's Motion to Remand (Doc. 9), filed on February 13, 2015.  In the motion, Plaintiff states that this mortgage foreclosure action must be remanded to state court because the removal was untimely and because this court lacks subject matter jurisdiction. Defendants have failed to file a timely response to the motion.  The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's unopposed Motion to Remand.

## I.     Background

This action was originally filed in the Twelfth Judicial Circuit Court in and for Sarasota County, Florida on July 8, 2010 and assigned Case No. 2010-CA-007042-NC (the "state court action"). Borrower Neil Haselfeld ("Haselfeld") was named as a Defendant in the Complaint and

was personally served with copies of the Complaint, Summons and Lis Pendens on August 13, 2010. *See* Doc. 9-1.

Eventually, the state court action was scheduled for a non-jury trial on January 20, 2015. On January 12, 2015, Haselfeld filed a motion to postpone the trial. *See* Doc. 8. Then, on January 16, 2015, Haselfeld filed a Notice of Removal pursuant to 28 U.S.C. § 1331 to the U.S. District Court, Middle District of Florida, Tampa Division. *See* Doc. 1. On January 16, 2015, Haselfeld also filed a two-page Jurisdictional Memorandum in Support of Removal (Doc. 2) in the federal court action. In the Memorandum, Haselfeld does not specify the grounds for removal, but cites to case law relating to the Fair Debt Collection Practices Act ("FDCPA").

## II.   Discussion

Generally, an action may be removed from state court to federal district court when the state court action is one over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). Because "[f]ederal courts are of limited jurisdiction[,] ... there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Diebel v. S.B. Trucking Co.,* 262 F. Supp. 2d 1319, 1326 (M.D. Fla. 2003). (citing *Russell Corp. v. Am. Home Assurance Co.,* 264 F.3d 1040, 1050 (11th Cir.2001)). Where a party improperly removes a case to federal court, the case shall be remanded back to state court. 28 U.S.C. § 1446.

A motion to remand based upon a procedural defect must be filed within thirty (30) days of filing the notice of removal. 28 U.S.C. § 1447(c). Whereas, if the motion for remand is based on lack of subject matter jurisdiction, it may be filed at any time prior to final judgment. *Id.* The instant motion was filed within 30 days of removal and, therefore, may properly challenge a procedural defect in the removal.

The time period for filing the notice of removal is set forth in 28 U.S.C. § 1446(b)(1), which states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Thus, a defendant must file its notice of removal within thirty (30) days of service of a pleading which sets forth a basis for removal. *Mitsui Lines Ltd. v. CSX Intermodal Inc.,* 564 F. Supp. 2d 1357, 1359 (S.D. Fla. 2008). The failure of a defendant to remove during the original thirty-day time period is deemed a waiver of the right to remove. *Noble v. Bradford Marine, Inc.*, 789 F. Supp. 395, 397 (S.D. Fla. 1992).

In this case, Haselfeld was personally served with the Complaint on August 13, 2010. However, Haselfeld waited years to file his Notice of Removal – until January 16, 2015. Thus, the removal was untimely and defective. Accordingly, it is

**ORDERED AND ADJUDGED that**:

1.      Plaintiff's Motion to Remand (Doc. 9) is **GRANTED**;

2.      This case is **REMANDED** to the Twelfth Judicial Circuit in and for Sarasota County, Florida, for all further proceedings;

3.      The Clerk is directed to mail a certified copy of this Order to the Clerk of the Twelfth Judicial Circuit, Sarasota County, Florida;

4.      The Clerk is directed to terminate all pending motions and close this file.

**DONE AND ORDERED** in Tampa, Florida on March 24, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any